IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| RENIECE KABANDO, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 1:20-cv-1270 (RDA/JFA) |
| ) | |
| ANTONY J. BLINKEN, Secretary of State, ) | |
| *et al.*, ) | |
| ) | |
| Respondents. ) | |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Respondent Antony J. Blinken's Motion to Dismiss Respondent's Petition for Writ of Habeas Corpus ("Motion"). Dkt. 6. Petitioner Reniece Kabando ("Petitioner") has been afforded the opportunity to file responsive materials pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), but she has not responded. The Court dispenses with oral argument as it would not aid in the decisional process. *See* Fed. R. Civ. P. 78(b); E.D. Va. Loc. Civ. R. 7(J). The Motion to Dismiss is now fully briefed and ripe for disposition. Considering the Motion (Dkt. 6) and the Memorandum in Support of Respondent's Motion to Dismiss (Dkt. 7), the Motion is GRANTED for the reasons that follow.

I. BACKGROUND

Pursuant to 28 U.S.C. § 2241, Petitioner, proceeding *pro se*, filed a Petition for a Writ of Habeas Corpus in this Court alleging that she is being unlawfully detained in the Department of State building located in the Foggy Bottom neighborhood of Washington, D.C. Dkt. 1. Plaintiff states that she is "arbitrarily detained" and seeks immediate release from her place of physical

confinement, which she identifies as the State Department's premises in Washington, D.C.  *Id.* at 1, 7.

In support of these allegations, Petitioner claims that is detained due to the "Declaration of War and Global War on Terror" and requests that "all correct record destroyed to be restored."  *Id.* at 7.  In addition, Petitioner seeks "all property denied to [her] through the stateless process be given" to her.  *Id.*  Petitioner also asks the Court to issue an order compelling Respondents to extend her an invitation to the White House so that she may personally witness the President end the global war on terror and resign his office before Petitioner herself is sworn in as President of the United States of America.  *See id.* at 7.

On October 28, 2020, Petitioner filed her habeas petition in this Court.  Dkt. 1.  She also applied to proceed *in forma pauperis*.  Dkt. 2.  Respondents then moved to dismiss the Petition under Federal Rules of Civil Procedure 12(b)(2), 12(b)(3), and 12(b)(6), supplying the proper *Roseboro* notice in light of Petitioner's *pro se* status.  528 F.2d 309 (4th Cir. 1975).  Dkt. 6.  Petitioner has not responded to Respondents' Motion to Dismiss.

## II. STANDARD OF REVIEW

### A. Rule 12(b)(2) Standard

Federal Rule of Civil Procedure 12(b)(2) provides that a court may dismiss a case for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2).  When resolving a Rule 12(b)(2) motion, a court undertakes a two-step analysis.  First, a court looks to whether personal jurisdiction is authorized by state law.  *Mitrano v. Hawes*, 377 F.3d 402, 406 (4th Cir. 2004).  Second, a court must find that the exercise of personal jurisdiction comports with the constitutional requirements of due process.  *Id.*  Virginia's long-arm statute extends personal jurisdiction to the constitutionally permissible limits of the Due Process Clause of the Fifth Amendment.  *ePlus Tech., Inc. v. Aboud*, 313 F.3d

166, 176 (4th Cir. 2002).  Accordingly, "[b]ecause Virginia's long-arm statute is intended to extend personal jurisdiction to the extent permissible under the due process clause, the statutory inquiry merges with the constitutional inquiry." *Consulting Eng'rs Corp. v. Geometric Ltd.*, 561 F.3d 273, 277 (4th Cir. 2009).  When a court does not conduct an evidentiary hearing on personal jurisdiction, a case may be dismissed for lack of personal jurisdiction if the plaintiff has failed to make a *prima facie* showing.  *See Grayson v. Anderson*, 816 F.3d 262, 268 (4th Cir. 2016).

### B. Rule 12(b)(3) Standard

Under Federal Rule of Civil Procedure 12(b)(3), a claim may be dismissed for improper venue.  When determining whether venue is proper, the Court is not bound by the allegations in the complaint and may consider evidence outside the pleadings.  *See Shallow v. Fed. Bureau of Investigation*, No. 1:19-cv-229, 2019 WL 2718493, at *1 (E.D. Va. June 27, 2019) (citing *Sucampo Pharm., Inc. v. Astellas Pharma, Inc.*, 471 F.3d 544, 550 (4th Cir. 2006)).  The burden of proving proper venue lies with the party bringing the action.  *Id.*

### C. Rule 12(b)(6) Standard

A Rule 12(b)(6) motion tests the sufficiency of a complaint.  *Brockington v. Boykins*, 637 F.3d 503, 506 (4th Cir. 2011).  "[T]he reviewing court must determine whether the complaint alleges sufficient facts 'to raise a right to relief above the speculative level[,]'" and dismissal is appropriate only if the well-pleaded facts in the complaint "state a claim that is plausible on its face.'"  *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (citing *Twombly*, 550 U.S. at 556).

Still, "[c]onclusory allegations regarding the legal effect of the facts alleged" need not be accepted. *Labram v. Havel*, 43 F.3d 918, 921 (4th Cir. 1995); *see also E. Shore Mkts., Inc. v. J.D. Assoc. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000) ("[W]hile we must take the facts in the light most favorable to the plaintiff, we need not accept the legal conclusions drawn from the facts . . . Similarly, we need not accept as true unwarranted inferences, unreasonable conclusions, or arguments."). And "[g]enerally, courts may not look beyond the four corners of the complaint in evaluating a Rule 12(b)(6) motion." *Linlor v. Polson*, 263 F. Supp. 3d 613, 618 (E.D. Va. 2017) (citing *Goldfarb*, 791 F.3d at 508)).

A habeas petition brought under 28 U.S.C. § 2241 is subject to the Rule 12(b)(6) standard for dismissal. *See, e.g.*, *Ward v. United States*, 982 F.3d 906, 912 (4th Cir. 2020); *Guinn v. McCarthy*, No. 1:19-CV-1358, 2020 WL 3965006, at *3 (E.D. Va. July 13, 2020); *Cummings v. Holder*, No. 1:10-CV-1114, 2011 WL 10620417, at *1 (E.D. Va. Jan. 14, 2011). Because Petitioner is proceeding *pro se*, this Court liberally construes her filings. *Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014)).

## III. ANALYSIS

Respondent argues that the Court must dismiss the case because Petitioner has not filed suit in the territorial jurisdiction of her confinement, a threshold requirement for any habeas petition brought under 28 U.S.C. § 2241. That statute gives federal courts the power to grant habeas corpus petitions brought "within their respective jurisdictions." 28 U.S.C. § 2241(a). The Supreme Court has left no doubt that when a habeas petitioner challenges her present physical confinement, courts are to follow the general rule that "'jurisdiction lies in only one district: the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004).

In this case, Petitioner alleges she is being confined in Washington, D.C. *See generally* Dkt. 1. Although the District of Columbia is a neighboring judicial district, Petitioner's purported place of detention does not fall within the geographic boundaries of the Eastern District of Virginia. As Petitioner has not complied with this "simple rule" requiring habeas petitions to be brought in the district of confinement, *Padilla*, 542 U.S. at 451, her habeas petition must be dismissed. The section 2241(a) requirement may be understood as either "a requirement of personal jurisdiction over a habeas respondent" or "as a venue provision prescribing the particular location for the filing of a habeas petition." *Kanai v. McHugh*, 638 F.3d 251, 257-58 (4th Cir. 2011). In either case, this action must be dismissed because Petitioner did not bring her habeas proceeding in the territorial jurisdiction in which she is purportedly detained.

In addition, the Court has reviewed the substance of the petition and finds Petitioners' claims meritless. Petitioner has not plausibly alleged that she is "in custody" to a state a claim for relief under 28 U.S.C. § 2241 for at least three reasons.

First, the address Plaintiff identifies as her alleged place of confinement does not appear to house any facility used to detain individuals. The location cited in the complaint—2201 C Street, N.W., Washington, D.C.—is the State Department's headquarters. *See* "Harry S. Truman Federal Building, Washington, DC," U.S. Gen. Servs. Admin., https://www.gsa.gov/real-estate/gsa-properties/visiting-public-buildings/harry-s-truman-federal-building (last visited Sept. 2, 2021).

Second, evidence from the docket in this case indicates that Petitioner is not actually detained. Petitioner signed and dated a Local Rule 83.1(M) certification the same date that it was filed with the Clerk of the Court. *See* Dkt. 1-1. If Petitioner were detained, the filing date would almost certainly have postdated the signed form, as even parcels mailed a short distance do not arrive at their destination the same day they are postmarked. Instead, the docket suggests Petitioner

delivered her habeas petition to the Clerk's office in person, which necessarily defeats any claim of present confinement.

Third, Petitioner's habeas petition appears to be the latest in a number of lawsuits and appeals she has brought in this district, which the Court has uniformly dismissed as meritless. *See, e.g.*, *Kabando v. United States*, No. 19-cv-1380 (E.D. Va. May 29, 2020); *Kabando v. Boente*, No. 1:17-cv-76, 2017 WL 4507471, at *1 n.1 (E.D. Va. May 31, 2017) (collecting cases), *aff'd*, 696 F. App'x 107 (4th Cir. 2017).

Accordingly, this Court expressly declines to transfer the case to the United States District Court for the District of Columbia. Transfer is appropriate only "in the interest of justice." 28 U.S.C. § 1406(a). As Petitioner's deficient allegations mean she cannot bring her petition in this Court or any other court, the Court finds that transfer is not justified. *See Abbott v. United States*, No. 2:13-cv-473, 2014 WL 12527697, at *4 (E.D. Va. Jan. 10, 2014) (declining transfer).

## IV. CONCLUSION

For these reasons, Respondent's Motion to Dismiss (Dkt. 6) is GRANTED; and

IT IS FURTHER ORDERED that Petitioner's Motion for Leave to Proceed *in Forma Pauperis* (Dkt. 2) is DENIED as MOOT; and

IT IS FURTHER ORDERED that the Clerk update the docket and case caption to reflect that Antony J. Blinken has replaced Michael Pompeo as Secretary of the United States Department of State, as the proper named Respondent pursuant to Federal Rule of Civil Procedure 25(d).

To appeal this decision, Petitioner must file a written notice of appeal with the Clerk of Court within 30 days of the date of entry of this Order. A notice of appeal is a short statement indicating a desire to appeal, including the date of the order Petitioner wants to appeal. Petitioner

need not explain the grounds for appeal until so directed by the court of appeals. Failure to file a timely notice of appeal waives Petitioner's right to appeal this decision.

The Clerk is directed to enter judgment in Respondents' favor, forward copies of this Order to Petitioner, *pro se*, and close this civil action.

It is SO ORDERED.

Alexandria, Virginia
September 2, 2021

/s/
Rossie D. Alston, Jr.
United States District Judge